20141. GODSEY *v.* THE STATE.

BROYLES, C. J. 1. The first special ground of the motion for a new trial, based upon the court's refusal to declare a mistrial (because of alleged improper argument by counsel for the State), is not unqualifiedly approved by the judge, and, therefore, under repeated rulings of the Supreme Court and of this court, the ground raises no question for consideration by this court. The judge refused to certify that counsel for the State made the alleged improper argument as set forth in the ground, and it further appears from the ground itself that when the motion for a mistrial was made, the judge stated that he was not paying any attention to the argument and could not recall what was said therein.

2. The bill of exceptions contains the following assignment of error: "The court erred on the trial of this cause, when movant moved for a mistrial, in failing to then and there ascertain by appropriate proceedings the truth of the ground of movant's motion to wit: whether the solicitor-general, during his closing argument, made the improper argument as set out in the motion for a new trial, the court then and there stating that he was paying no attention, and didn't know whether the solicitor-general made the argument as set out in the motion for a new trial." This assignment of error can not be considered, for the following reasons: The motion for a mistrial and the court's ruling thereon were made on July 25, 1929, and the bill of exceptions was not presented to the judge until October 15, 1929, and the exception was not preserved by exceptions pendente lite.

3. There is no merit in the following assignment of error in the bill of exceptions: "The court erred, on the hearing of movant's motion for a new trial, in failing to ascertain by appropriate proceedings the truth of movant's first ground as set out in his amended motion for a new trial, with reference to improper argument of the solicitor-general during his closing argument to the jury, and by the failure of the court to ascertain by appropriate proceedings the fact whether the solicitor-general made said improper argument as set out in the amended motion for a new trial; and, by said failure, the court being unable to certify as to the truth of the first ground of the amended motion for a new trial." It does not appear from this assignment of error by what "appropriate proceedings" the court could have ascertained whether the allegations of fact in the ground in question were true. Nor does it appear that the judge was even requested to make an investigation.

4. Special ground 2 of the motion for a new trial, complaining of the

sustaining of an objection to a question propounded to a witness on cross-examination by counsel for the movant, is not complete and understandable within itself. The exact question asked the witness, and the objection interposed, are not set forth, and this court, therefore, can not determine whether the sustaining of the objection was error.

5. The alleged newly discovered evidence is merely impeaching in its character and, therefore, does not require the grant of a new trial.

6. Under repeated rulings of the Supreme Court and of this court, a judgment overruling a demurrer to an indictment is not a proper ground of a motion for a new trial.

7. The excerpts from the charge of the court, complained of in the motion for a new trial, when considered in the light of the charge as a whole and the facts of the case, show no harmful error.

8. The verdict was authorized by the evidence.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JANUARY 14, 1930.

*Thomas M. Lockhart,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.